871 F.2d 155
 276 U.S.App.D.C. 358
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Charles Douglas SLADE, Appellant,
v.
James H. BILLINGTON, Librarian of Congress.
 No. 88-5171.
 United States Court of Appeals, District of Columbia Circuit.
 March 21, 1989.
 
 Before MIKVA, SILBERMAN and SENTELLE, Circuit Judges.
 PER CURIAM.
 
 JUDGMENT
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on briefs filed by the parties and argument by counsel. On full consideration of the issues presented, the Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court is affirmed.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Charles Douglas Slade, a white male GS-12 employee in the Position Classification and Organization Office ("PC & O Office") of the Library of Congress ("Library"), alleges that his supervisors discriminated against him on the basis of race and sex and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e.
 
 
 5
 After a seven-day trial, the district court requested proposed findings of fact and conclusions of law from the parties. The district court then adopted, substantially verbatim, the Library's proposed findings of fact and conclusions of law and entered judgment for the Library on all counts. Slade v. Billington, C.A. No. 86-1723 (D.D.C. Mar. 18, 1988). By order dated October 25, 1988, this court granted the Library's motion for summary affirmance with respect to the retaliation claim but denied with respect to the discrimination claim. We now affirm the district court's judgment as to the latter claim as well.
 
 
 6
 We review the district court's findings of fact, even where the district court adopts verbatim a party's proposed findings, under the clearly erroneous standard of Rule 52(a) of the Federal Rules of Civil Procedure. See Anderson v. Bessemer City, 470 U.S. 564, 572 (1985); Berger v. Iron Workers Reinforced Rodmen Local 210, 843 F.2d 1395, 1408 (D.C.Cir.1988). De novo review of the district court's adopted findings, we have emphasized, would be "wholly inconsistent with the function of an appellate court * * * [and] contrary to the plain meaning of Rule 52(a) * * * [and] the settled doctrine of this court and the Supreme Court." Berger, 843 F.2d at 1407 (citations omitted).
 
 
 7
 Nevertheless, as we noted in Berger, even under the clearly erroneous standard of review, "when a trial judge 'abdicate[s] to a party his duty to provide a reasoned explanation for his decision' and merely copies submitted proposals, it is incumbent on this court to check the adopted findings against the record 'with particular, even painstaking, care.' " Id. at 1408 (quoting Southern Pacific Communications Co. v. AT & T, 740 F.2d 980, 984 (D.C.Cir.1984), cert. denied, 470 U.S. 1005 (1985)).
 
 
 8
 The dispositive issue in this case is therefore whether the district court's finding that appellant had not satisfied his ultimate burden of proving that he "has been a victim of intentional discrimination," Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981), is clearly erroneous. See Pullman-Standard v. Swint, 456 U.S. 273, 287-88 (1982) (discriminatory intent under Title VII, despite being an "ultimate fact," remains a pure question of fact subject to the clearly erroneous standard of Rule 52(a)).
 
 
 9
 Appellant mounts a wholesale challenge to the district court's adopted findings. In essence, however, appellant contends that, contrary to the district court's findings: (1) his supervisors, Messrs. Ware and Powell, created the GS-13 positions specifically for Ms. Cox and Ms. Blackwood; (2) the selection process for those positions was a sham in that Messrs. Ware and Powell pre-selected Ms. Cox and Ms. Blackwood; and (3) the reasons given for selecting Ms. Cox and Ms. Blackwood were a pretext for unlawful race and sex discrimination.
 
 
 10
 With respect to the first and second contentions, the district court found that "[t]here is no evidence in the instant case of 'irregular' acts of favoritism towards minority employees. The acts of promoting Cox and Blackwood were entirely regular." Findings of Fact and Conclusions of Law ("Findings") at 36. Specifically, the district court found that (1) the cancellation of the original posting of the GS-13 positions was not irregular; (2) the extension of the deadline for the second posting was not irregular (and in fact favored appellant); (3) the discarding of interview notes was not irregular because the Library's regulations do not require that they be used or kept; and (4) the failure to check the references of the non-selectees was not irregular because the Library's regulations likewise do not require such reference checks. Findings at 36-37. These findings were accompanied by specific and appropriate citations to the trial transcript. Accordingly, we find the district court's conclusion, that appellant had not demonstrated a prima facie case of intentional discrimination because he had not shown that he was "rejected under circumstances which give rise to an inference of unlawful discrimination," Burdine, 450 U.S. at 253, is based on a plausible reading of the record as a whole, and therefore not clearly erroneous.
 
 
 11
 Appellant also alleges that the district court clearly erred in finding that the reasons given for promoting Ms. Cox and Ms. Blackwood were legitimate and not a pretext for unlawful discrimination. The district court found that "Ware and Powell recommended Barbara Blackwood and Aurelia LaVerne Cox for selection because they had more supervisory experience than the other finalists." Findings at 13. By contrast, "[p]laintiff had no comparable leadership experience in assigning work to, or planning work for other position classification specialists." Id. Mr. Ware's recommendations were reviewed and ratified by three supervisors. Id. at 14. The district court concluded that although "[i]t is clear that the plaintiff has good professional qualifications and experience," the evidence at most suggested that Mr. Ware "was motivated by a desire to hire friends and former colleagues from the District of Columbia Government." Id. at 1.
 
 
 12
 Appellant notes that the GS-13 positions did not require, in terms of minimum qualifications, supervisory or team leadership experience, but this fact is not inconsistent with the district court's finding that those reasons were nonetheless legitimate bases for selection. Appellant also presents some evidence to demonstrate that he was more qualified for the promotions than the selectees were, but we find that appellant's proffered evidence is, at best, equivocal and in any event insufficient to meet the clearly erroneous standard. Cf. Anderson, 470 U.S. at 573 (a lower court's findings of fact may be set aside only if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed").
 
 
 13
 In sum, mindful of our duty "to check the adopted findings against the record 'with particular, even painstaking, care,' " Berger, 843 F.2d at 1408 (citation omitted), we are not persuaded that the district court's findings are clearly erroneous, and we discern no legal error in the district court's analysis and conclusions of law. Although we note that the district court's ruling in this case predated our admonitions in Berger, we reiterate the disfavor with which this court views a district court's wholesale adoption of a party's proposed findings, see Berger, 543 F.2d at 1404, 1407. Notwithstanding the daunting caseload that our colleagues on the district court bear, our judicial system entrusts to them the fair and independent evaluation of the evidence in the first instance. That task can be compromised by even the appearance of uncritical acceptance of an advocate's proposed findings.